Quarless v. Brooklyn Botanic Garden Corp.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
         GERARD E. LYNCH,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
ANTHONY C. QUARLESS,
         Plaintiff-Appellant,

         -v.-                                    14-2590

BROOKLYN BOTANIC GARDEN CORPORATION,
SCOT D. MEDBURY, as President and
Chief Executive Officer, ROCHELLE
CABINESS, as Director of Human
Resources, each being sued
individually and in their official
capacities as employees of defendant
BROOKLYN BOTANIC GARDEN CORP.,
         Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    MICHAEL H. ZHU, New York, New
                                  York.

**FOR APPELLEES:**            GEORGE F. BRENLLA, Clifton Budd & DeMaria, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, <u>Chief Judge</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Anthony C. Quarless appeals from the judgment of the United States District Court for the Eastern District of New York, granting summary judgment dismissing his complaint alleging retaliation. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Upon <u>de novo</u> review, we conclude (for substantially the same reasons stated by the district court) that the grant of summary judgment in favor of Brooklyn Botanic Garden Corporation, Scot Medbury, and Rochelle Cabiness (hereinafter, collectively "BBG") was proper.

Quarless pursues claims for wrongful termination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e <u>et seq.</u>; 42 U.S.C. § 1981; the New York State Human Rights Law ("NYSHRL"); N.Y. Exec. Law § 296; and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-107. The federal claims and the NYSHRL claim are analyzed jointly, <u>Hicks v. Baines</u>, 593 F.3d 159, 164 (2d Cir. 2010), under the three-step <u>McDonnell Douglas</u> burden-shifting framework, <u>see</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-05 (1973); <u>Zann Kwan v. Andalex Grp., LLC</u>, 737 F.3d 834, 843 (2d Cir. 2013).

Quarless cannot establish a <u>prima facie</u> case of retaliation because he fails to demonstrate a causal connection between his protected activity and his termination. <u>See</u> <u>Hicks</u>, 593 F.3d at 164. Quarless relies on temporal proximity between his complaints to the Equal Employment Opportunity Commission ("EEOC") and his termination. <u>See</u> <u>Zann Kwan</u>, 737 F.3d at 845. However, as the district court concluded, the intervening time is too long to support an inference of causation. <u>See</u> <u>Clark Cnty. Sch. Dist. v. Breeden</u>, 532 U.S. 268, 273-74 (2001).

2

Quarless argues that the district court should have measured the interval based on Quarless' more recent letters to the EEOC; but, as the district court found, there was no evidence that BBG was aware of those supplemental letters.

Even if Quarless had established a prima facie case, BBG proffered a legitimate, nonretaliatory reason for his termination: BBG was in financial distress and adopted cost-saving measures including an organization-wide reduction-in-force. See Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1226 (2d Cir. 1994) (holding that a firm's decision to implement a reduction-in-force "to meet its budgetary goals" during "a business downturn" was a legitimate reason for terminating an employee). Quarless argues that several statements by BBG regarding the reduction-in-force were inconsistent, and thus indicative of pretext; but any inconsistencies and implausibilities were minor and insufficient to permit a reasonable to jury to find that the proffered justification was a pretext for unlawful retaliation.

Quarless contends that the district court should have considered other protected activities, as well as adverse employment actions, that pre-dated his termination. However, all these contentions are raised for the first time on appeal and are therefore forfeited. See Krumme v. WestPoint Stevens, Inc., 238 F.3d 133, 142 (2d Cir. 2000) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." (quoting Singleton v. Wulff, 428 U.S. 106, 120 (1976)). Accordingly, Quarless cannot prevail on his Title VII, § 1981, or NYSHRL claims.

As to Quarless' NYCHRL claims, those claims "must be analyzed separately and independently from federal and state discrimination claims." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 113 (2d Cir. 2013). "[S]ummary judgment is appropriate only if the plaintiff cannot show that retaliation played any part in the employer's decision." Id. at 116. On summary judgment, a plaintiff must "demonstrate some evidence that links her complained-of treatment to a retaliatory motivation." Wilcox v. Cornell Univ., 986 F. Supp. 2d 281, 287 (S.D.N.Y. 2013) (internal quotation marks and alterations omitted) (quoting Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 35 (N.Y. App. Div. 2009)). Because Quarless failed to come forward with any evidence that retaliation played a role in

3

BBG's decision to terminate his employment, dismissal of his NYCHRL claims on summary judgment was appropriate.

For the foregoing reasons, and finding no merit in Quarless' other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK